**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ED E. ALONZO, | No. 19-15633 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00836-JJT |
| v. | |
| AKAL SECURITY INCORPORATED, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted June 3, 2020[**]
Seattle, Washington

Before: GOULD, BEA, and MURGUIA, Circuit Judges.

Ed Alonzo ("Alonzo") appeals the district court's grant of summary

judgment in favor of Akal Security, Inc. ("Akal") in his Fair Labor Standards Act

("FLSA") action. We review *de novo* a district court's grant of summary

judgment. *United States v. Alameda Gateway, Ltd.*, 213 F.3d 1161, 1164 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2000).  Viewing the evidence in the light most favorable to Alonzo, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law.  *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).  We also review *de novo* the district court's interpretation of the FLSA and its regulations, which are questions of law.  *See, e.g.*, *Magana v. Northern Mariana Islands*, 107 F.3d 1436, 1438 (9th Cir. 1997) ("We review de novo district court decisions regarding exemptions to the [FLSA].").  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Akal is a government contractor employed to repatriate individuals ordered removed from the United States.  Alonzo is a former Aviation Security Officer ("ASO") for Akal.  As an ASO, Alonzo provided security and other services for flights originating in Mesa, Arizona going to and from Central American countries.  Alonzo challenges Akal's meal period policy of automatically deducting one hour from each shift if the shift's last leg was a flight back to the United States that was longer than ninety minutes and the flight had no detainees on-board ("Empty Return Legs").  The policy was described in Alonzo's offer letter, in Akal's timekeeping policy, and in the collective bargaining agreement between Akal and Alonzo's union.  Alonzo executed the first two documents and was a party to the third as a union member.

2

FLSA regulations expressly authorize unpaid meal periods only if they are "bona fide." 29 C.F.R. §§ 785.19, 785.41. We apply the "completely relieved from duty" test to determine whether a meal period is bona fide. *See Busk v. Integrity Staffing Sols., Inc.*, 713 F.3d 525, 531–32 (9th Cir. 2013) (applying the "completely relieved from duty" test), *rev'd on other grounds*, 135 S. Ct. 513 (2014). Under this test, an "employee must be completely relieved from duty for the purposes of eating regular meals." 29 C.F.R. § 785.19(a). An "employee is not relieved if he is required to perform any duties, whether active or inactive, while eating." *Id.*

Critically, the relevant regulations do not require an employer to permit an employee to leave the business's premises during a meal period for the meal period to be considered bona fide. *Id.* § 785.19(b) ("It is not necessary that an employee be permitted to leave the premises if he is otherwise freed from duties during the meal period."). The regulations, in fact, explicitly authorize unpaid meal periods while an employee is required to ride "a truck, bus, automobile, boat or airplane." *Id.* § 785.41. Accordingly, it is not legally significant that Alonzo's unpaid meal periods took place while he was on-board an airplane.

Because Alonzo acknowledges that he did not perform any work during an unpaid meal period during his time at Akal, and because he could not recall any Empty Return Leg flight during which he did not have at least one hour of free

3

time, the district court properly concluded that Alonzo failed to raise a triable issue as to whether Akal is liable for violating the FLSA. *See Busk*, 713 F.3d at 531–32.

**AFFIRMED.**